JOHN T. KEATING
Nevada Bar No.: 6373
KEATING LAW GROUP
9130 W. Russell Road, Suite 200
Las Vegas, Nevada 89148
jkeating@keatinglg.com
(702) 228-6800 phone
(702) 228-0443 facsimile
Attorneys for Defendant
*Progressive Northern Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARASH HASHEMI,<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSIVE NORTHERN INSURANCE COMPANY, a foreign corporation; DOES I through X inclusive; and ROE CORPORATIONS, I through X, inclusive,<br><br>Defendants. | CASE NO.: 2:19-cv-00212-RFB-NJK<br><br>STIPULATED PROTECTIVE ORDER |

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, by and through their respective attorneys, to the following:

1. This Order shall be in effect and shall govern all documents produced and information provided by Progressive Northern Insurance Company in response to the Plaintiff's Interrogatories and Request for Production of Documents in the instant litigation for documents or things (including, but not limited to, portions of the Progressive Northern Insurance Company Claims Standards and documents regarding employee training and job descriptions.]

1

2. The documents produced and information provided shall be deemed to have been designated as CONFIDENTIAL MATERIALS when the same have had affixed to them the following notice:

CONFIDENTIAL MATERIALS PRODUCED BY PROGRESSIVE NORTHERN INSURANCE COMPANY IN CONJUNCTION WITH THE LAWSUIT OF (Hashemi v. Progressive Northern Insurance Company).

3. Counsel and the parties shall not disclose, make available or communicate CONFIDENTIAL MATERIALS to any person, entity or organization except to those persons designated in this Order and only in accordance with the procedures established by this Order. In this regard:

(a) Counsel may disclose such information to clerical personnel and attorneys directly employed by their law firms to the extent that the disclosures are necessary for the preparation of this litigation for trial or appeal. All such clerical personnel and attorneys shall be bound by the provisions of this Order.

(b) All persons to whom disclosure is to be made, other than those persons described in subparagraph 4 (a) below, shall acknowledge, in writing, the terms of this Order. Each such person shall agree that the disclosed information is confidential, is not to be disclosed by him or her or to anyone else and is not to be used for any purpose other than the preparation of this litigation for trial or appeal.

(c) Counsel for parties to whom CONFIDENTIAL MATERIALS have been produced or disclosed shall not, without prior consent of counsel for Progressive Northern Insurance Company, disclose the CONFIDENTIAL MATERIAL except as provided by the terms of this

Order.

4. The parties, through counsel of record in this litigation, may disclose CONFIDENTIAL MATERIALS to expert witnesses or consultants provided that the following procedures and restrictions shall apply to such disclosure:

(a) Before receiving CONFIDENTIAL MATERIALS, the expert witness or consultant shall execute an acknowledgment that he or she has received a copy of this Order, has reviewed a copy of this Order and that he or she understand that he or she is bound by the provisions of this Order;

(b) No expert witness or consultant to whom such CONFIDENTIAL MATERIALS have been disclosed shall use such information except for preparation for trial of this litigation, the trial itself or an appeal of this litigation; and

(c) No such expert or consultant shall disclose CONFIDENTIAL MATERIALS he or she has received hereunder to any other person or entity without prior written consent of counsel for Progressive Northern Insurance Company.

5. Any CONFIDENTIAL MATERIALS used at any deposition shall be sealed as shall that portion of the deposition transcript.

6. **See order issued concurrently herewith.**

7. Nothing contained in this Order shall be construed to prejudice the Plaintiff's right to use, in open court, any CONFIDENTIAL MATERIALS provided that prior to the said use of such CONFIDENTIAL MATERIALS, Plaintiff's counsel gives reasonable notice to counsel for

Progressive Northern Insurance Company of such intent, so that the confidentiality of such CONFIDENTIAL MATERIALS may be protected as determined and directed by the agreement of the parties with the approval of the Court. If Plaintiff's counsel cannot provide reasonable notice to counsel for Progressive Northern Insurance Company under the particular circumstances, Plaintiff's counsel will undertake to protect the confidentiality of the materials.

8. Upon termination of this litigation, all CONFIDENTIAL MATERIALS, including any copies, in the custody of the parties or counsel for the parties or in the custody of any person to whom counsel for the parties has disclosed such CONFIDENTIAL MATERIALS, shall be returned to counsel for Progressive Northern Insurance Company.

DATED this 10 day of September, 2019.   DATED this 4th day of September, 2019.

KEATING LAW GROUP                        BOWEN LAW OFFICES

_____                 _____
JOHN T. KEATING, ESQ.                    JEROME R. BOWEN, ESQ.
Nevada Bar No. 6373                      Nevada Bar No.: 4540
9130 W. Russell Road, Ste. 200           9960 West Cheyenne Avenue, Ste. 250
Las Vegas NV 89148                       Las Vegas NV 89129
Attorney for Defendant                   Attorney for Plaintiff
Progressive Northern Insurance Company   Arash Hashemi

ORDER

IT IS SO ORDERED this 12 day of September, 2019.

_____
United States Magistrate Judge

4